**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| DENNIS E. NICHOLS, | ) | |
| | ) | No. 3:11-cv-02927-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

  This matter is before the court on an objection to the magistrate judge's Report and Recommendation (R&R). The Commissioner of Social Security denied plaintiff Dennis E. Nichols's application for disability insurance benefits and supplemental security income. The magistrate judge issued a Report and Recommendation (R&R) on February 7, 2013, recommending the Commissioner's decision be reversed and remanded. The Commissioner does not object to the R&R. Plaintiff objects "only to the recommended remedy of remand," arguing "an outright reversal and award of benefits is warranted under the circumstances of this case." Pl.'s Obj. 1.

  This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

1

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence has been defined . . . as more than a scintilla, but less than [a] preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). In other words, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

The court has the authority to affirm, modify, or reverse the decision of the ALJ, "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). "Where the [Commissioner's] determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision" pursuant to Section 405(g). Vitek v. Finch, 438 F.2d 1157, 1158 (4th Cir. 1971). While remand is the norm, it is not appropriate where "further proceedings would serve no useful purpose," Olson v. Shalala, 48 F.3d 321, 323 (8th Cir. 1995), such as where "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).

The magistrate judge found that this matter should be reversed and remanded to the Commissioner for further administrative proceedings because "there are questions as

2

to whether a finding of disability as of December 1, 2006 is warranted and the record does not overwhelmingly support a finding of disability." R&R 20 n.7.  The court agrees.  It is for the ALJ to consider all relevant evidence, including the statement provided by plaintiff's mother and the severity of plaintiff's traumatic brain injury, as well as to apply the law correctly when evaluating plaintiff's credibility and the opinion of Dr. Young.

For the reasons set forth by the magistrate judge, the court **OVERRULES** plaintiff's objection, **AFFIRMS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), and **REMANDS** for further proceedings consistent with the R&R and this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 6, 2013
Charleston, South Carolina**