IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DENNIS E. NICHOLS, | ) | |
| | ) | No. 3:11-cv-02927-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff requests $5,125.73 in attorney's fees[1] on the ground that he is a prevailing party under the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.

The Administrative Law Judge (ALJ) issued a decision on April 27, 2011 denying plaintiff's application for disability benefits and supplemental security income. The Appeals Council denied review, rendering the ALJ's decision that of the Commissioner of Social Security. Plaintiff filed a complaint before this court on October 27, 2011, seeking review of the Commissioner's decision.

---

[1] Plaintiff originally sought $5,125.73 in attorney's fees based on 27.5 hours of representation at a rate of $186.39 per hour. Pl.'s Mot. Atty's Fees 4. After defendant opposed the motion for fees and expenses, Nichols amended his EAJA petition to reflect the additional 4.5 hours spent by his attorney on preparing a reply brief, for an additional $838.76 in requested attorney's fees. Pl.'s Reply 8. The arguments set forth in plaintiff's reply brief do not differ substantially from those made in the opening petition. Moreover, "Replies to responses are discouraged." Local Rule 7.07, DSC. The court finds plaintiff's amended request is unreasonable and instead considers whether he is entitled to the fee amount set forth in the original petition.

1

The matter was referred to the magistrate judge, who found in a Report & Recommendation (R&R) that the Commissioner's decision should be reversed and remanded for further proceedings.  The government did not file objections to the R&R.  Plaintiff only objected on the ground that the court should award benefits rather than remand to the Commissioner.  On March 6, 2013, this court issued an order affirming the R&R, reversing the Commissioner's decision, and remanding for further proceedings.

Under the EAJA, a court shall award reasonable fees and expenses to a prevailing party in certain civil actions against the United States unless the government's position was substantially justified or special circumstances render an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Nichols is considered the "prevailing party."  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  The government has the burden of proving that its position was substantially justified.  Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991).  Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances."  Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

"The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).  Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).

"The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford, 935 F.2d at 658. Here, the magistrate judge found, and the court agreed, that the ALJ committed error by failing to properly apply the law when evaluating the plaintiff's credibility and in discounting the opinion of a treating physician. The ALJ failed to follow the law of the circuit because, for example, the Fourth Circuit requires the ALJ to apply a two-part test in assessing a claimant's credibility regarding his complaints of pain. See Craig v. Chater, 76 F.3d 585, 591-92 (4th Cir. 1996); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994). The court finds that the government has not met its burden of showing that its position was substantially justified. Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). The court does not find any special circumstances that would render an award of attorney's fees unjust.

Therefore, the court **GRANTS** plaintiff's motion and awards fees in the amount of $5,125.73.[2]

**AND IT IS SO ORDERED**.

---

[2] The award is based on a total of 27.5 hours of representation at a rate of $186.39 per hour. This is a reasonable request, and defendant does not object to the calculation of the fee. The EAJA requires attorney's fees to be awarded directly to the litigant rather than his attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2527 (2010); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009). Therefore, the court grants attorney's fees to plaintiff in the amount of $5,125.73.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 24, 2013
Charleston, South Carolina**

4